**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**JOHN B. WILLIAMS, Defendant**

Crim. No. 90-1974

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

July 16, 1974

MICHAEL, *Judge*

OPINION

After reading the Memoranda of Law submitted by the attorneys in the case before the court, I have to agree with the defense that there is no offense or prohibition in the Virgin Islands Code for conduct barely described as "shouting".

The reason for thus agreeing with him as to that word is, first, it does not appear in the disturbing the peace provision of the statute, and second, by itself as it appears in the Complaint it would be difficult for the defendant to know, without more, what he is being charged with, as one might be shouting for joy, pleasure, gladness, delight or any of those feelings experienced by human beings, which under any of those circumstances could not be considered by itself an offense.

On the other hand, however, while the word "shouting" is not mentioned in the disorderly conduct chapter of the Virgin Islands Code, there are many ways in which it could become an offense. For example, if someone should unexpectedly shout in the ear of another, such conduct could disturb his peace or quiet, or even impair his hearing, and consequently, would be an offense under our statute, as he would be "disturbing the peace or quiet of" a "person, by loud or unusual noise" (how or where).

Further, as stated in 12 Am.Jur.2d, pg. 665, sec. 3, penultimate and last sentences, under "Breach of Peace, etc., . . . in some jurisdictions, statutory provisions relating to breach of the peace are regarded not as a definition of the offense, but as a specification of various ways in which the offense may be committed. The offense may therefore be committed in ways other than those specified by the statute. Accordingly, acts falling within the common law definition of the offense may be charged as a breach of the peace." See 1 V.I.C. 4.

The court therefore believes that the word "shouting", depending upon how and where it is done, could be a breach of the peace.

The other word contained in the complaint which the defense believes to be unconstitutionally vague on its face is "Quarreling", and in its brief compared it with the phrase "treat contemptuously", which the Supreme Court has recently struck down as "unconstitutionally vague."

■ This court does not agree, however, that the word "quarreling", which appears in our statute, is unconstitutionally vague. One of the reasons for so holding is, that notwithstanding it is not the word the defense is comparing it with, it is interesting to note that in the Supreme Court case of Smith v. Goguen, 94 S.Ct. 1242 (1974), cited by the defense and which struck down the phrase "treat contemp-

tuously" as unconstitutionally vague, and on which the defense strongly relies, Mr. Justice White does not agree that the statute is too vague to provide an ascertainable standard of guilt, but he concurs in the result of the majority, because he believes that a prohibition restricted to conduct that *expresses contempt* violates the First Amendment. Emphasis supplied.

It is also interesting to note that in the same case, Mr. Justice Blackman, joined by the Chief Justice, urges in his dissent that the statute is not vague, and "that the Massachusetts courts have sufficiently narrowed the statute by requiring physical acts against an actual flag."

While this court cannot consider dissenting opinions of the Supreme Court as precedents to follow, it appears that inasmuch as the Supreme Court *did not* pass upon the precise word of our statute, "quarreling", and as the defense attorney himself has stated in his Memorandum of Law that the term "quarreling" in our statute "has not been *judicially narrowed*" (emphasis supplied), the court believes that this case, then, will give it the opportunity the Massachusetts court had to determine, after hearing, whether the word "quarreling" in our statute is sheltered by the First Amendment.

Under the circumstances, the court does not think it necessary at this time to discuss further the very interesting arguments contained in the Memoranda of Law submitted by the parties.

Consequently, the Defendant's Motion to dismiss the complaint will be denied.